BRENES *v.* A. HARTMAN & Co.

APPEAL from the District Court of Guayama.

No. 687.—Decided May 15, 1911.

</div>

COSTS UNDER FORMER LAW OF CIVIL PROCEDURE—APPEALABLE ORDERS—SPECIAL ORDER MADE AFTER FINAL JUDGMENT.—An order overruling a motion requiring that the records be again sent to two lawyers for an opinion as to the memorandum of attorney's fees and costs under the former Law of Civil Procedure and directing that the case be filed, is appealable because it is a special order issued after final judgment and falls within paragraph 3 of section 295 of the Code of Civil Procedure.

ID.—TIME TO COLLECT COSTS—EXECUTION OF JUDGMENT.—The provisions of section 239 of the new Code of Civil Procedure are applicable with respect to the limitation of time during which costs and attorney's fees incurred prior to July 1, 1904, may be collected, and since the collection of costs constitutes the execution of part of the judgment, such collection cannot be made after the lapse of five years, counting from the date of the judgment, by virtue of which the collection of costs is sought.

APPLICATION OF NEW LAW OF CIVIL PROCEDURE TO CASES PENDING AT TIME SAME WENT INTO EFFECT—COLLECTION OF COSTS.—The laws of procedure are of a public character, and in the absence therein of a provision to the contrary their provisions govern immediately after they have gone into effect though suits may have been commenced under a different law. But where the statute contains a provision relative to the term within which a judgment must be executed, such statute is applicable to judgments obtained under a former law, even when the latter provides differently or makes no provision at all concerning such term.

The facts are stated in the opinion.

*Mr. Rafael López Landrón* for appellants.

*Mr. Tomás Bernardini de la Huerta* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

A suit for annulment of contract and indemnity was brought in the District Court of Humacao by José Brenes against Hartman & Co. and the same was decided by that court against the plaintiff on March 28, 1904. Said judgment was affirmed by the Supreme Court on May 2, 1905, with costs against appellant, Brenes. The case having been transferred to the District Court of Guayama, counsel for A. Hartman & Co., on the ground that the greater part of the costs had accrued before the Code of Civil Procedure became effective on July 1, 1904, and in view of the decision rendered by this Supreme Court in the case of *María Ríos, widow of Rubio,* v. *Patricia Ríos de Noya,* 10 P. R., 501, requested that the costs be estimated in accordance with the former Law of Civil Procedure, and at the same time filed an application for an injunction restraining Brenes from disposing of his property.

The application for an injunction was denied, and an appeal having been taken from such decision, the same was affirmed by this Supreme Court on February 19, 1906.

Objection having been made to the memorandum of fees of the attorney for A. Hartman & Co., the district court issued an order on September 14, 1905, directing that the original record be forwarded to two lawyers of San Juan for an opinion as to said memorandum in accordance with the provisions of section 426 of the former Law of Civil

Procedure. The records were really forwarded and returned to the court, but no report made by the attorneys appears therein. Since that time nothing more was done in connection with this matter until December 26, 1910, when counsel for A. Hartman & Co. filed the following motion:

*"To the honorable judge of said court:*

"A. Hartman & Co., defendants herein, appear by the undersigned attorney in the proceedings for the collection of costs by virtue of an executory judgment, and allege:

"1. That on September 16, 1905, and in view of a final executory judgment rendered by the superior court, the defendant's attorney filed his memorandum of fees and costs incurred in the proceedings above referred to, whose collection should have been made in accordance with the former Code of Civil Procedure and which amounted to $12.87 for costs and $1,626 for attorney's fees.

"2. That an objection having been entered by the adverse party, José Brenes Larroche, against the above memorandum, the court issued an order on October 6, 1905, directing that the records be forwarded to Attorneys Juan Hernández López and Jacinto Texidor, of San Juan, for their examination and report.

"3. That said attorneys reported favorably to your petitioners as they found the fees demanded to be just and reasonable. Such report does not appear in the record, although this party's writing, dated October 16, 1905, with which the report was forwarded, does appear therein.

"4. That, owing to the loss of that report, your petitioners need to have the original records once more forwarded to said attorneys for examination and the rendition of a new report.

"For the foregoing reasons your petitioners now pray that an order be issued directing the secretary of the court to forward said records to Attorneys Juan Hernández López and Jacinto Texidor for an expression of their opinion in regard to said memorandum of costs and attorney's fees.

"San Juan, Porto Rico, December 24, 1910. (Signed) Rafael López Landrón.

"No. 101. Sworn to and subscribed before me by Rafael López Landrón, a resident of San Juan and a practicing attorney, personally known to me, in San Juan, this the 24th day of December, 1910. E. de J. López Gaztambide, notary public.

"Received in the office of the secretary on December 26, 1910. Mestre, secretary."

The court overruled this motion and directed that the case be filed. From this decision an appeal was taken to this Supreme Court on March 1 following, and the transcript of the record containing the motion, the decision rendered by the court with the grounds thereof, and the notice of appeal were filed with this court.

The above facts, which do not appear from the motion filed by the appellants, have been obtained from the statement of facts upon which the court below rendered its decision, which facts are accepted as true by appellants in their brief since they use them as the grounds upon which to base their argument.

In our opinion an appeal from that decision is proper because subdivision 3 of section 295 of the Code of Civil Procedure provides that an appeal may be taken from an order made after final judgment, and it cannot be denied that the order appealed from is of that special character, since the motion to forward the records again to two attorneys for a report on the memorandum of attorney's fees and costs having been overruled, and the order for filing the case having been made, the question of whether or not the collection of costs in this action is proper was finally disposed of.

The question raised is: May the proceedings now be continued in order to execute the judgment after having been stayed from September 16, 1905, to December 26, 1910, when the motion which gives rise to this appeal was filed, and should the stay of proceedings be deemed to have commenced on the first of the above-mentioned dates, or on February 19, 1906, when the Supreme Court affirmed the order of the court below denying an application of the defendant, A. Hartman & Co., for a writ of injunction restraining Brenes from disposing of his property?

It is true that this Supreme Court has already held in

the case above cited, and in others, that the collection of costs incurred prior to July 1, 1904, when the present Code of Civil Procedure went into effect, should be made in accordance with the provisions of the former Law of Civil Procedure, a doctrine which the court below applied when on September 14, 1905, it directed that in accordance with the provisions of section 426 of the former Law of Civil Procedure the records be forwarded to two attorneys for report. Said record was in fact forwarded, but the report does not form part thereof.

The court below did not disregard the foregoing doctrine in the decision appealed from, which grounds were very different from those of the foregoing decision, to wit, that costs adjudged in the judgment cannot be collected after the lapse of the legal period.

This Supreme Court in the cases of *Maria Ríos, widow of Rubio* v. *Petronila Ríos, supra,* decided March 25, 1905, and *Sobrinos de Portilla* v. *Quiñones,* 10 P. R., 185, decided February 19, 1906, respectively, held that attorney's fees earned prior to the date the new Code of Civil Procedure went into effect are subject to the provisions of the old law of procedure in so far as relates to the estimate of costs.

These decisions, as stated therein, have no more extent than to regulate costs in accordance with the provisions of the law in force at the time they accrued. They do not render inapplicable the provisions of the present Code of Civil Procedure with respect to the limitation of the period within which such costs may be collected.

Following the former Code of Civil Procedure, section 239 of the new code on the subject provides that the party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement. And, as a matter of fact, the object of appellant is that that part of the judgment relating to the costs, wherein his rights are recognized, be complied with. His endeavor to secure the collection of costs implies,

therefore, a desire on his part to execute the judgment, and the request that the two lawyers report on the costs is without doubt a step to determine the amount thereof, that it may be paid. Such, and no other, is the real import of appellant's motion.

The laws of procedure are of a public character, and in the absence therein of a provision to the contrary their provisions govern immediately after they go into effect, even though the actions involved may have commenced under different laws. But where a statute contains a provision relative to the time within which judgments may be executed, such provision is applicable to judgments rendered under a former statute, although the latter may provide an entirely different term or may fail to provide any term whatever. It might then be considered as a period of prescription or of duration of a right, which period the legislature has the power to establish provided a reasonable term is allowed for the exercise of such right. With regard to this point, we would refer to our decision in *Rijos* v. *Folgueras*, 16 P. R., 593, decided June 21, 1910, wherein numerous citations on the subject are made.

Consequently, the term within which the judgment rendered in this case may be executed should be regulated by the provisions of the present Code of Civil Procedure. Section 239, hereinbefore cited, authorizes the execution of judgments within five years after they have been rendered, which is a rather reasonable term. Section 243, however, provides that in all cases other than for the recovery of money judgments may be enforced or carried into execution by leave of the court even after the five years have elapsed.

Now, then, the final judgment in this case having been rendered on May 2, 1905, since which day it could have been executed, it is from said day, and not from February 19, 1906, when the defendant's application for an injunction was denied, that the five years allowed by the law should be computed, because this latter decision is not the one whose exe-

cution is sought. It is desired to execute that of May, 1905, and having no reason to consider the former we must consider the one whose execution is sought.

Likewise, we will not give any consideration to the legal steps taken in September and October, 1905, with the view of securing its execution, because, under the law, the period being computed from the day the judgment may have been rendered, this, and no other, must be the starting point in computing the five years, apart from the fact that in this case this is not an important question, because, even though the five years should be computed from the above-given dates, they also would have elapsed.

Consequently, more than five years from the date of the judgment having elapsed when the motion of December 26, 1910, tending to the execution thereof, was filed, no error was committed by the trial judge in overruling the motion and directing that the record be filed.

And that such motion was merely for the execution of the judgment, and not an application for an extension of the period for execution, is proved by the wording thereof, apart from the fact that the annulment of the contract and the indemnity requested had been denied in the judgment, the same therefore being reduced to a judgment allowing costs, or, in other words, for the recovery of money which, in accordance with the exception made by section 243, can never be executed after the lapse of five years.

For the foregoing reasons the order appealed from should be affirmed.

*Affirmed.*


Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.